UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| IN RE: | : | |
|---|---|---|
| Bishara D. Kuttab | : | Case No.: 21-10578-mdc |
| Debtor | : | Chapter 13 |

## **MOTION TO DETERMINE VALUE OF CLAIM**

The Debtor, Bishara D. Kuttab, by and through his undersigned counsel, hereby move to this honorable court to determine the value of the secured claim filed by Brixmor Roosevelt Mall Owner, LLC and in support thereof aver as follows:

1. Respondent is Brixmor Roosevelt Mall Owner LLC, with an address where notices are to be sent at Dana S. Plon, Esquire, Sirlin Lesser & Benson, P.C., 123 South Broad Street, Suite 2100, Philadelphia, PA 19109. See Proof of Claim attached hereto and marked as **Exhibit "A."**

2. The Debtor seeks a determination of Respondent's secured claim resulting from a judgment.

3. Creditor filed a proof of claim alleging that the amount of the claim as of the date of filing was $170,241.58. See Proof of Claim **Exhibit "A."**

4. Debtor asserts that the secured value of the judgment is not more than the bankruptcy estate's interest in the property; the non-exempt equity available in the debtor's real property in the amount of $45,969.75.

5. Whether a claim is secured or unsecured is determined in accordance with section 506(a) of the Bankruptcy Code. Section 506(a)(1) provides that a secured creditor's claim is "a secured claim to the extent of the value of such creditor's interest in the estate's interest in such

property . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim." The provision goes on to mandate that "[s]uch value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property." 11 USC § 505(a)(1).

6. The property is the Debtor's residence and at the time of filing had a value of $175,000.00 without deducting any reasonable and necessary costs for a potential sale, as evidenced by a fair market valuation. Attached hereto, incorporated herein and labeled as "**Exhibit B**" is a fair market valuation of the residence.

7. The Debtor's residence is encumbered by a mortgage of $76,211.95 held by Citizens Bank, NA. A true and correct copy of the relevant portion of the mortgagee's proof of claim is attached hereto, incorporated herein and labeled as "**Exhibit C.**"

8. The Debtor's residence is also encumbered by a lien in the amount of $9,525.59 held by the City of Philadelphia. A true and correct copy of the relevant portion of the mortgagee's proof of claim is attached hereto, incorporated herein and labeled as "**Exhibit D.**"

9. The debtor took deductions under 11 U.S.C § 522(d)(1) and §522 (d)(5), leaving non-exempt equity in the property in the amount of $45,969.75.

10. Therefore, in accordance with section 506(a), the Debtor respectfully requests that the court determine the total value of the secured claim be $45,969.75 and is otherwise unsecured.

**WHEREFORE**, movant moves that this Honorable Court enter an order disallowing the Proof of Claim as filed by Respondent, and enter and Order consistent with the Movant's proposed Order to protect movant's right to a fresh start.

Dated: July 9, 2021

/s/Brad J. Sadek, Esq
Brad J. Sadek, Esq.
Attorney for Debtor
Sadek and Cooper
1315 Walnut Street, #502
Philadelphia, PA 19107
215-545-0008